GERRY v. SIEBRECHT et al.

(Supreme Court, Appellate Term. June 22, 1903.)

1. TRIAL—ADMISSION OF EVIDENCE—OBJECTION—ERROR.

Where no grounds are given for an objection to a question calling for material evidence, though improper in form, it is error to sustain such objection.

Appeal from City Court of New York.

Action by Elbridge T. Gerry against Henry A. Siebrecht and another. Judgment for plaintiff, and defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Jno. M. Gardner, for appellants.
Harris & Towne, for respondent.

MacLEAN, J. This action was brought to recover for three months' rent of a store and basement, forming a part of a store basement and conservatory, together forming part of the structure known as the "Windsor Arcade," demised by the plaintiff to the defendants in a written lease, to be occupied only for the sale of flowers, commencing on the 1st of August, 1901, it being understood, as stated in the lease, that the arcade was in process of erection; that if completed and ready for occupancy prior to the beginning of the term, the lessees might take possession without further rent, and, in case it were not ready for occupancy at the beginning of the term, possession was to be delivered as soon as it was completed and ready, and rent was to be computed only from the time of readiness for occupancy. A verdict was directed for the plaintiff, and properly enough, upon the evidence adduced.

Several exceptions were taken by the defendants to the exclusion of certain questions upon the objections of the plaintiff, which objections would or would not have been good, according to the ground upon which they were put, and cannot be sustained, because the plaintiff did not take the trouble to give any ground at all. Among other counterclaims, it is alleged that the plaintiff agreed (presumably outside of the lease) to permit the defendants to fix up and improve the premises in a manner suitable to their business, in certain particulars, so that they might use and occupy them by the 1st of August, but that the plaintiff, in violation of their agreement, refused to allow them so to do, and thereby delayed them from fitting the place for occupation until the 18th of November; and, again, that the plaintiff agreed and undertook not to do, or suffer any act or neglect which would make the premises leased unfit for occupation or untenantable, and that, by wrongful act of the plaintiff, ice fell through the roof of the conservatory, damaging the flowers of the defendants by exposure and falling glass, and preventing of the transaction of business; and further, that the defendants, under stress of protest, had been compelled to pay a quarter's rent which was not due, and for which they were not indebted. These counterclaims amounted to much more than the plaintiff's claim, so that, if valid, the judgment should have been in favor of the former, and not of the latter, party.

Passing by the exceptions taken upon the exclusion of certain questions, to which categorical answers might have been allowed as preliminary to showing agreements outside of the written lease, a bare objection, without mention of any reason, was not tenable to the question put by his counsel to one of the defendants: "Now, before you were able to occupy the same for the sale of flowers, what, if anything, was necessary to be done about the premises?" For an answer, under the circumstances, might have been very material to the counterclaim, although the question was objectionable as a conclusion of the witness, inasmuch as the premises were to be occupied for the sale of flowers, and the terms of the lease not only implied that they would be ready for occupancy upon the beginning of the term, but also con-

tained a covenant that rent was to be computed only from the time of such readiness. Similarly as to the question put the same witness: "Were they, on the 1st day of August, ready for occupation for the sale of flowers?" In like manner, bald objections were taken to questions which, although in a way objectionable, might have brought out information relevant and material to the counterclaims respecting damage done to the wares and business of the defendants by the exposure and injury to the premises alleged to have been due to the wrongful act and neglect of the plaintiff.

Judgment reversed and new trial ordered, with costs to the appellants to abide the event. All concur.